IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| AHMAD FLETCHER,<br><br>          Plaintiff,<br><br>vs.<br><br>TONYA COULDWELL and R. TUCKER,<br><br>          Defendants. | 2: 20-cv-1004<br><br>Chief United States Magistrate Judge<br>Cynthia Reed Eddy |

**MEMORANDUM ORDER**[1]

Before the Court is the Motion to Dismiss filed by Defendants (ECF No. 16), the Response in opposition filed by Plaintiff (ECF No. 26), and the Reply Brief filed by Defendants. (ECF No. 27). For the reasons that follow, the motion will be denied.

At all relevant times, Plaintiff, Ahmad Fletcher, was a federal prisoner housed at Allegheny County Jail during the pendency of his criminal proceedings in this Court filed at Criminal No. 19-cr-8.[2] On July 15, 2020, he was sentenced in this Court to a term of imprisonment of 24 months. Post sentencing, he was transferred to FCI Gilmore located in Glenville, West Virginia, where he remains incarcerated.

On July 6, 2020, Plaintiff initiated this lawsuit by filing a motion for leave to proceed *in forma pauperis* and attached a civil rights complaint. (ECF No. 1). His motion was granted on July 13, 2020, and his complaint filed that same day. (ECF Nos. 4 and 5).

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(b)(1), the parties have voluntarily consented to jurisdiction by a United States Magistrate Judge, including entry of final judgment. (ECF Nos. 7 and 19).

[2]     Mr. Fletcher is also serving a 120 month sentence of imprisonment received in criminal number 15-cr-267, United States District Court for the Northern District of Ohio.

1

The case concerns events which began on February 22, 2020, during a cell search of Plaintiff's cell at the Allegheny County Jail.  Named as defendants are two corrections officers: Tonya Caldwell and Ryan Tucker,[3] who have been sued in their individual and official capacities.  According to the Complaint, Defendant C/O Tucker attempted to perform a strip search of Plaintiff as Defendant C/O Caldwell was present in the doorway of his cell.   Defendant C/O Tucker made Plaintiff take off his shoes and pants and after Plaintiff voiced many complaints about a female officer being present, Defendant C/O Tucker stopped and allowed Plaintiff to put back on his pants.

According to the Complaint, after the search, Plaintiff was cuffed by Defendant C/O Tucker and placed outside his cell.  During the cell inspection, Plaintiff saw Defendants toss from his cell his personal items, legal work, and keep-on-person medication.  He also avers that he saw Defendant C/O Caldwell pour hair gel out of its container and onto his bed and blankets.  After the cell inspection was finished, Defendant C/O Caldwell had Plaintiff's personal items and legal work placed in separate trash bags.  She then told Plaintiff she was "sending it to I.A. to be tested for drugs."  Plaintiff was permitted to return to his cell, but he did not have access to his medication, or any other personal items that were disposed of during the cell search such as "toothbrushes, toothpaste, soap, and toilet paper," for a period of nineteen hours.

Plaintiff raises the following three claims against the Defendants in their individual and official capacities:  (1) an Eighth Amendment medical claim for allegedly showing deliberate indifference towards his serious medical needs when Defendants disposed of his medication; (2) an Eighth Amendment cruel and unusual punishment claim for Defendants subjecting him to "inhumane living conditions" in his cell when they deprived him of his personal belongings,

---

[3]   Plaintiff in his complaint spells the name "Caldwell" as "Couldwell," and identifies Ryan Tucker as "R. Tucker."  The Court will use the correct spelling, "Caldwell," and identify Defendant R. Tucker by his full name.

including but not limited to toiletries; and (3) a Fourth Amendment claim against Defendant Tucker for conducting, or attempting to conduct, a strip search while in the presence of a female corrections officer.

The Supreme Court of the United States has issued two decisions that pertain to the standard of review for failure to state a claim upon which relief could be granted. The Supreme Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and " 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id*. at 679. The Court of Appeals for the Third Circuit has summarized the inquiry as follows:

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim*."* *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1947, 173 L.Ed.2d 868 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

3

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Viewed in light of the forgoing liberal pleading standards, this Court finds that the allegations of the Complaint, when taken as true, allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged, and that the complaint meets the standards as enunciated in *Twombly* and *Iqbal*.  See also *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2019). Accordingly,

**AND NOW, this 10th day of March, 2021,** after due consideration to Defendants' motion to dismiss the complaint, the response in opposition, and the reply, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss **IS DENIED** without prejudice to Defendants raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge

cc: **AHMAD FLETCHER**
74250-067
FCI Gilmore
P.O. Box 6000
Glenville, WV 26351
(via United States First Class Mail)

**Lee M. Dellecker**
Allegheny County Law Department
(via ECF electronic notification)